

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2005

# USA v. Ayinde

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Ayinde" (2005). *2005 Decisions*. Paper 1389.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1389

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-2353

———

UNITED STATES OF AMERICA

v.

KEHINDE MUSILU AYINDE,
a/k/a KENDU AYERS,
a/k/a KENNY AYERS,
a/k/a KENDU AYERS,
a/k/a KENNY AYERS,
a/k/a KENNETH JOHNSON,

Kehinde Musilu Ayinde,
                              Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
District Court Crim. No.: 99-655-002
District Judge: The Honorable William G. Bassler

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 14, 2004

———

Before: SCIRICA, Chief Judge, ALITO, and AMBRO, Circuit Judges

(Filed: April 7, 2005 )

———

PER CURIAM:

Kehinde Musilu Ayinde ("Ayinde") was convicted of conspiracy to commit identification document fraud, conspiracy to commit fraud in connection with federally subsidized housing, and various mail and wire fraud charges connected to the procurement of housing subsidies and credit cards. He was ordered to pay $601,340 in restitution and sentenced to a term of 37 months of imprisonment and three years of supervised release.

On appeal, Ayinde raises three issues regarding the sentence imposed, as well as an evidentiary issue and a Fourth Amendment issue. Regarding his sentence, Ayinde contends that the trial court should not have departed upward by three levels, that it erred in estimating loss, and that it should not have denied a two-level downward adjustment for minor role participation. Ayinde also contends that the District Court erred in admitting certain evidence pursuant to Federal Rule 404(b), and that it erred in admitting certain evidence obtained from an automobile search.

Counsel for Ayinde has requested a remand for resentencing pursuant to the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). Having determined that the sentencing issues Ayinde raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in

accordance with Booker. However, because the District Court's evidentiary and Fourth Amendment rulings – the last two issues Ayinde raises – can be dealt with separately, we will address those issues before remanding the case. For the reasons given below, we will affirm the District Court's evidentiary and Fourth Amendment rulings. Because we write for the parties only we will not set out the facts.

## I.

We review a decision to admit evidence under Federal Rule 404(b) for abuse of discretion. United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003). We review a denial of a motion to suppress for clear error as to the facts, and we exercise plenary review over the application of the law to those facts. United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002).

## II.

At trial the District Court admitted, pursuant to Rule 404(b), various false or fraudulent documents prepared by, signed by, found on the person of, handled (as shown by fingerprint evidence), or otherwise directly associated with Ayinde, but that involved fraudulent activities not charged in indictment. Ayinde contends that the admission of these documents was an abuse of discretion.

Rule 404(b) provides as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). The requirements of Rule 404(b) are not stringent; "[a]ll that is needed is <u>some</u> showing of a proper relevance." <u>U.S. v. Sampson</u>, 980 F.2d 883, 888 (3d Cir. 1992) (emphasis in original). Also, evidence may be admitted under Rule 404(b) only if the District Court "articulate[s] reasons why the evidence [ ] goes to show something other than character." <u>Sampson</u>, 980 F.2d at 888. The District Court more than satisfied these two conditions here.

As the District Court observed, Ayinde vigorously disputed intent and knowledge at trial. He also argued that his association with Igein and Power Electronics was innocent as he was merely an employee of the business. The District Court held that given Ayinde's defense, the false or fraudulent documents prepared by, signed by, found on the person of, handled, or otherwise directly associated with Ayinde were proper evidence under Rule 404(b) as they tended to show that Ayinde was aware of the fabrication happening at Power Electronics and the methods by which such fabrication was done, and that Ayinde had criminal intent. (App. 138, 139-40.) Note, for example, the District Court's detailed explanation of how Ayinde's two fraudulent personal tax returns, both for the same year, helped establish his intent to supply others with fraudulent tax returns of their own. (App. 147.)

After finding the documents proper under Rule 404(b), the District Court set forth on the record its balancing analysis under Federal Rule of Evidence 403, finding that the balancing analysis under Rule 403 weighed in favor of admission. This was due to the

importance of intent as an issue at trial, Ayinde's disputing of intent, the lack of alternative ways for the Government to establish intent, and the ability to eliminate whatever undue prejudice might potentially result by admonishing the jury with a limiting instruction. As the District Court entered on the record a proper and detailed rationale in support of its Rule 403 determination, the District Court was well-within its discretion. See Sampson at 889 ("When a [trial] court engages in a Rule 403 balancing and articulates on the record a rational explanation, we will rarely disturb its ruling.").

## III.

Ayinde seeks to suppress certain items that were recovered in a consent search of an automobile that he was driving, a black Nissan that Ayinde said was owned by his cousin. Ayinde contends that the District Court erred in failing to suppress the seized materials because, he asserts, the Government did not carry its burden of proving that he voluntarily consented to the search. The Government did offer adequate proof, however, in the form of Special Agent David Recame's testimony and the consent form he submitted. At the suppression hearing Agent Recame testified that "I showed [Ayinde] a consent to search form, which I held for him to read. I also told him orally that he had the right to refuse. He said it was all right for us to search it, but that he did not want to sign the form." On the form Special Agent Recame wrote "Subject gave verbal consent to search the above car belonging to his cousin who is out of the country. Consent was given 11:12 a.m. 2/17/99. The [S]ubject refused to sign this consent form." When the

District Court denied Ayinde's Motion to Suppress, holding that Ayinde orally consented to the search despite his failure to sign the consent search form, it was essentially crediting Agent Recame's testimony over the testimony of Ayinde. This decision was not clearly erroneous. See United States v. Kikumura, 918 F. 2d 1084, 1090-91 (3d Cir. 1990) (district court's resolution of "swearing contest between live witnesses" is "essentially unreviewable" on appeal).

## IV.

For the reasons given above, we affirm the Defendant's conviction but we vacate his sentence and remand for resentencing in accordance with Booker.